CHARLES WINCHESTER & another *vs.* MARTIN L. NEWTON.

If A. has agreed in writing to deliver to B. a quantity of timber within a specified time, for a price to be paid in six months after delivery, and, by a subsequent agreement, the time for the delivery of a portion thereof is extended, a refusal by B. to pay for that portion respecting which no extension of time was granted, within six months after the same was delivered, upon the ground that nothing was due until six months after the delivery of all the timber mentioned in the contract, and a submission of the question of his liability therefor to the determination of the proper judicial tribunal, do not authorize A. to rescind the contract as to the residue, or to refuse to deliver the same.

CONTRACT to recover damages for a failure to deliver timber according to the terms of the following agreement made by the defendant with the plaintiffs : " Marlboro, N. H., May 27, 1857. This is to certify that I, Martin L. Newton, do agree to deliver all oak timber I have on my two wood-lots, west of my house, near railroad, on board the cars of the Cheshire Railroad, at Marlboro depot, prior to April 1st next, at six dollars a cord — payment to be made six months after delivery ; and timber is to be cut in logs from eight to fourteen feet in length, and none to be less than six inches in diameter, and to be good, sound, merchantable timber. * * * * * Martin L. Newton." Upon the above, the following additional agreement was afterwards written : " Marlboro, N. H., February 17, 1858. An agreement made this day with Martin L. Newton on the one part and Amos Whitney, for C. & G. C. Winchester, of Ashburnham, of the other part, concerning the within contract. Martin L. Newton agrees to extend the time of delivering the oak timber specified therein, one year, till April 1st 1859, excepting what is now put on cars, being four car loads and about ten cords at Marlboro depot, which is subject to the depot master's order for delivery. Said Martin L. Newton further agrees not to cut the timber that is now standing until September 1858. Said Newton, in addition to what has been mentioned, has about thirty-five cords cut, that he agrees to put on cars at any time specified by said Winchesters, excepting the month of July. Martin L Newton."

At the trial in the superior court, it was agreed that the timber specially referred to in the additional agreement was delivered, under the original agreement, and an action for the price thereof was brought by the present defendant against the plaintiffs, by writ dated February 21, 1859, which was defended on the ground that nothing was due from the plaintiffs until the delivery of the whole timber, respecting which the agreements were made. Before the commencement of that action, the present plaintiffs, by letter addressed to the attorney of the defendant, stated that they declined to make payment at present, as, in their opinion, the contract provided that payment should be

made in a certain time after the delivery of all the timber contracted for therein, and that such delivery had not been made. The action, however, was sustained by the decision of this court. *Newton* v. *Winchester*, 16 Gray, . After the above refusal by the plaintiffs to make payment for the timber received by them, the defendant delivered no more timber, and thereupon the present action was brought.

Upon these facts, *Morton*, J. rendered judgment for the defendant, and the plaintiffs appealed to this court.

*C. H. B. Snow*, for the plaintiffs, cited *Goodrich* v. *Lafflin*, 1 Pick. 57 ; *Hill* v. *Green*, 4 Pick. 114 ; *Keys* v. *Harwood*, 2 C. B. 905 ; *Planchè* v. *Colburn*, 8 Bing. 14 ; *Dubois* v. *Delaware and Hudson Canal Co.* 4 Wend. 285 ; *Weaver* v. *Sessions*, 6 Taunt. 154 ; *Franklin* v. *Miller*, 4 Ad. & El. 599 ; *Withers* v. *Reynolds*, 2 B. & Ad. 882.

*G. H. Whitney*, for the defendant, cited *Perkins* v. *Hart*, 11 Wheat. 250 ; *Robinson* v. *Green*, 3 Met. 159 ; *Withers* v. *Reynolds*, 2 B. & Ad. 882 ; *Newton* v. *Winchester*, 16 Gray, .

DEWEY, J. The defendant contends that the refusal of the plaintiffs to pay for the timber which was delivered previously to the 1st of April 1858, and which has been the subject of a former action by the present defendant against the present plaintiffs, excused him from delivering the remainder of the timber and constitutes a good defence to this suit. The legal principle which the defendant would apply to this case may be entirely correct, when properly applied. It might be held in a case where the vendor had contracted with the vendee to deliver a certain amount of timber or other commodity, to be delivered at certain specified times, and payment was to be made therefor on each delivery, and the vendee had made an unqualified refusal to pay anything more — not merely an omission to pay for a particular delivery, but in language broad enough to be treated as a general refusal to make any further payments — that such a refusal to make payment discharged the other party from liability to damages for neglecting to make further delivery as stipulated in the contract. But such are not the facts of the present case. The contract between these parties in reference to a delivery of

timber ceased to be an entire one upon the making of the supplementary agreement of the 17th of February 1858, leaving the purchasers liable for all that portion embraced in the recovery in the former action, and in reference to which payment was due in six months after its delivery, and making also a stipulation for extending the time of delivery of the remainder of the timber one year.

It is true that the present plaintiffs denied their liability to make payment for any portion of the timber until the whole was delivered, treating the whole delivery as one entire contract. In that they were wrong, and this court held them liable for the timber first delivered, at the expiration of six months after its delivery. But we think that act was not under the circumstances a repudiation of the contract for future delivery, or to operate to excuse the defendant from the performance of his further contract to deliver timber by the 1st of April 1859. The contract had been substantially divided, the new stipulation postponing both delivery and payment, as to all embraced within it, an entire year beyond the time applicable in both these respects to the delivery of the first parcel. In regard to each portion, a distinct liability attached to the parties, and this was not discharged by the plaintiffs' refusal to pay for the first portion, under the circumstances stated. The case of *Withers* v. *Reynolds*, 2 B. & Ad. 882, is much relied upon on the part of the defendant. That case, upon a careful scrutiny, will be found to have been put upon the ground of something more than a mere refusal to pay for articles already delivered. It was considered by the court as a prospective refusal, and applicable to articles yet to be delivered upon the contract. But in the present case the plaintiffs did not, in their refusal to pay for the first parcel of timber upon the ground that the day of payment therefor had not arrived, deny their liability, or affirm their purpose not to pay promptly and fulfil to the letter their promise to pay for the timber to be delivered under the extended contract. As to that payment, they took the same view as the other party. Both held that for the timber yet to be delivered, payment was to be made in six months after its delivery. The denial of payment for the timber delivered prior

to the 1st of April 1858, was a denial based upon the legal effect of the contract, the vendee alleging that it postponed the entire payment. This refusal to pay for the timber that had been delivered on the 1st October 1858, did not operate to discharge the other party from his promise to deliver timber on the 1st of April 1859. The plaintiffs are therefore entitled to maintain their action, and the case is to be sent to a jury to assess the damages.